IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| PEDRO MORALES,<br>　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | EP-23-CV-00268-DB |
| COPESTONE GENERAL<br>CONTRACTORS, et al.,<br>　　Defendants. | §<br>§<br>§ | |

## ORDER GRANTING PLAINTIFF'S FED. R. 15 CIV. P. MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND MOTION TO REMAND

On this day, the Court considered the above-captioned case. On August 30, 2023, Plaintiff Pedro Morales ("Plaintiff") filed his "Fed. R. Civ. P. 15 Motion for Leave to File first Amended Complaint and Motion to Remand," Motion ("Mot."), ECF No. 7.[1] On September 11, 2023, Defendant Copestone General Contractors ("Defendant Copestone") filed its Response in opposition to Plaintiff's Motion. ECF No. 8. Plaintiff then filed a Reply to Defendant Copestone's Response on September 18, 2023. Reply, ECF No. 9.[2] The Court now responds to Plaintiff's Motion, ECF No. 7.

### BACKGROUND

Plaintiff states that on or about December 1, 2021, he was working at a job site managed by Defendants Copestone, Carter Globe Associates ("Defendant Carter")[3], and/or

---

[1] "ECF No." refers to the Electronic Case Filing ("ECF") number for documents docketed in this matter. When a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

[2] Defendant Copestone filed its Sur-Reply on September 22, 2023, ECF No. 10, which was later stricken from the record, *see* Order, ECF No. 25, because it was filed in violation of Local rule CV-7(E)(1). *See* W.D. Tex. Civ. R. 7(D)(1) and 7(E)(1) (A party may file a reply in support of a motion. Absent leave of court, no further submissions on the motion are allowed.)

[3] It has been brought to the Court's attention that "Carter Globe Associates" may not exist but rather the correct name is Carter Goble Associates. That particular defendant has not entered an appearance or made any filings in the federal court, so the Court has been unable to confirm this defendant's name or identity.

Martinez Bros Contractors, LLC ("Defendant Martinez Bros.") framing corner columns of a Circle K gas station. Notice of Removal ("Notice"), Ex. B-1, ECF No. 1. While at the job site, Plaintiff claims that he was instructed to enter a wooden man-basket atop a forklift in order to complete the work. *Id..*; Response to Rule 7 Disclosure Statement 1, ECF No. 20. Plaintiff says that the man-basket tilted when he was inside of it, causing him to fall eight to twelve feet to the ground. *See* Notice Ex. B-1, ECF No. 1.

On April 25, 2023, Plaintiff sued Defendants Copestone, Martinez Bros., and Carter in the 210th District Court in El Paso County, Texas. *Id.* Defendant Martinez Bros. filed their answer on June 5, 2023. Notice 2, ECF No. 1; *see also* Notice, Ex. 1-6, ECF No. 1. Defendant Copestone filed its answer on June 7, 2023. Notice 2, ECF No. 1; *see also* Notice, Ex. 1-9, ECF No. 1.

On July 14, 2023, Defendant Copestone removed the lawsuit from the 210th District Court of El Paso County to the federal court in the Western District of Texas. *See* Notice of Removal, ECF No. 1. In its Notice of Removal, Defendant Copestone alleges diversity jurisdiction as the basis of removal. *Id.* at 3. Because Plaintiff is seeking $1 million dollars in damages, the amount in controversy is also satisfied. *Id.* Defendant Copestone at the time of removal asserted that "complete diversity of citizenship exists" because Plaintiff is a citizen of Texas, Defendant Copestone is a citizen of Colorado, and claimed that both Defendants Carter and Martinez Bros. were "improperly/fraudulently joined" so diversity still exists. *Id.* at 4. In their claim of fraudulent/improper joinder, Defendant Copestone alleges that "Plaintiff cannot establish a cause of action against Martinez Bros. or Carter" who Defendant Copestone claims are the non-diverse defendants. *Id.* at 5.

Plaintiff then filed his Federal Rule of Civil Procedure 15 "Motion for Leave to File First Amended Complaint and Motion to Remand," ECF No. 7. In his Motion, Plaintiff sought leave to amend his complaint because it was outside of the 21 days in which the party does not need to seek leave from the Court. *See* Fed. R. Civ. P. 15(a)(2). Plaintiff sought leave from the Court to "add TNT Construction & Remodeling, LLC, Miguel Hernandez d/b/a HDZ Construction, and Stone Professional Services." Mot. 5—6, ECF No. 7. Plaintiff asserts that TNT Construction and Remodeling, LLC ("TNT"), is a citizen of Texas and adding them to the suit would destroy complete diversity and the case would have to be remanded back to state court. *Id.* at 9; Resp. to Rule 7 Disclosure Statement 1–2, ECF No. 20.

Defendant Copestone responded to Plaintiff's Motion and asserted once again that Plaintiff improperly or fraudulently joined Defendant Martinez Bros. Response ("Resp.") 3–7, ECF No. 8. Defendant Copestone alleged that Plaintiff "knew about the inaccuracies when he filed his original petition." *Id.* at 6–7. Finally, Plaintiff replied to Defendant Copestone's allegations that Defendant Martinez Bros. was improperly joined. Reply 1–5, ECF No. 9.

## ANALYSIS

### I.   Motion for Leave to Amend Complaint

Plaintiff seeks leave from the Court to add three additional parties to his complaint and to remand his case back to the state court. Mot., ECF No. 7. Federal Rule of Civil Procedure 15 allows parties to amend a pleading "once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1)(A) and (B). A party can only amend

3

outside of this 21-day window "with the opposing party's written consent or the court's leave. *The court should freely give leave when justice so requires*." FED. R. CIV. P. 15(a)(2) (emphasis added). Because Plaintiff filed his Motion to Amend outside of the 21-day window and he does not have the opposing party's written consent, the Court considers whether to grant him leave to amend his complaint.[4] *See* Mot. ECF No. 7.

When deciding whether to grant leave to amend a complaint, the district court should "examine five considerations . . . 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, 5) futility of the amendment." *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 428 (5th Cir. 2016). "Absent any of these factors, the leave sought should be "freely given." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Even though leave should be freely given when justice requires, and although "Rule 15(a) does not impose a time limit for permissive amendment, at some point, time delay on the part of the plaintiff can be procedurally fatal." *Id.* (internal citations omitted). In situations where there is delay, the "plaintiff bears the burden of showing delay to be due to oversight, inadvertence, or excusable neglect." *Id.* (internal citation omitted).

A district court "when confronted with an amendment to add a nondiverse nonindispensable party, should use its discretion in deciding whether to allow that party to be added." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Further, the addition of a

---

[4] A district court's denial of a motion for leave to amend a complaint is reviewed for abuse of discretion. *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 428 (5th Cir. 2016). Because Federal Rule of Civil Procedure states that the district court should "freely give leave [to amend] when justice so requires" FED. R. CIV. P. 15(a)(2), a "district court must possess a substantial reason to deny a request" for motion for leave to file an amended complaint. *SGIC*, 839 F.3d at 428. The Fifth Circuit has said on multiple occasions that "this mandate is to be heeded," *Foman v. Davis*, 371 U.S. 178, 182 (1962).

nondiverse party "must not be permitted without consideration of the original defendant's interest in the choice of forum." *Id.*

A. <u>Undue Delay</u>

First, the Court finds that while there was some delay in Plaintiff seeking leave to amend his complaint, that delay was not undue. "[D]elay alone is an insufficient basis for denial of leave to amend; [t]he delay must be *undue*, i.e., it must prejudice the non-moving party or impose unwarranted burdens on the court," *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 186 (5th Cir. 2018) (emphasis added); see also *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (Holding that the mere passage of time "need not result in refusal of leave to amend; on the contrary, it is only undue delay that forecloses amendment"). In *Bamm, Inc. v. GAF Corp*, the court found that there was no undue delay when "discovery had not yet been completed at the time of the filing of leave to amend." 651 F.2d 389, 391—92 (5th Cir. 1981).

This case was originally filed in state court on April 25, 2023. Notice Ex. 1-3, ECF No. 1. It was removed to federal court on July 14, 2023. Notice 1, ECF No. 1. And Plaintiff requested leave of court the following month in August 2023 to amend the original complaint. Mot., ECF No. 7. As was the case in *Bamm*, exchange of discovery had not yet even started when Plaintiff Morales requested leave of Court to amend his complaint. 651 F.2d at 391. For these reasons, the Court finds that there was no undue delay in Plaintiff requesting leave of court to amend his complaint. This factor weighs in favor of granting Plaintiff's request.

B. <u>Bad Faith or Dilatory Motive</u>

Second, Plaintiff sought to add three additional parties to his complaint. The Court finds that there was at least dilatory motive in seeking leave of court to add one of the

5

prospective defendants, specifically TNT. In *Allen v. Walmart Stores, L.L.C.*, the Fifth Circuit found that the plaintiff's motives for adding a defendant were dilatory because she knew that that defendant was "the correct manufacturer as early as the day she filed her amended complaint." 907 F.3d 170, 186 (5th Cir. 2018). And in *Wimm v. Jack Eckerd Corp.*, the Fifth Circuit held that "[a party's] awareness of facts and failure to include them in the complaint might give rise to the inference that the [party] was engaging in tactical maneuvers to force the court to consider various theories seriatim." 3 F.3d 137, 141 (5th Cir. 1993).

In his Motion to amend his complaint, Plaintiff states that on December 1, 2021, the date of the alleged fall, he "was an employee and/or independent contractor of Defendant TNT Construction & Remodeling, LLC." Mot. 1—2, ECF No. 7. However, Plaintiff did not at any point mention his employer in the entirety of his original complaint. *See* Notice Ex. B-1, ECF No. 1. Instead, Plaintiff specifically states that he had only "recently been made aware of the involvement of three other parties" including TNT, when he sought leave to file his amended complaint. Mot. 3, ECF No. 7. What is inherently suspect regarding the late addition of TNT is not just that Plaintiff purportedly worked for this company at the time of the alleged fall from the forklift, but that TNT's owner, Oscar Morales, is Plaintiff's son. Response ("Resp.") 6—7, ECF No. 8. The Court finds it difficult to believe that Plaintiff was not aware of his son's identity, nor the fact that he purportedly worked for his son's company on the date of the alleged fall.

In addition to TNT, Plaintiff seeks to add Miguel Hernandez d/b/a HDZ Construction ("HDZ Construction") and Stone Professional Services ("Stone"). *See* Mot. 1, ECF No. 7. The Court does not find any bad faith or dilatory motive on behalf of Plaintiff in adding either HDZ Construction or Stone. However, because the Court finds the addition of TNT

Construction & Remodeling inherently suspect and that Plaintiff's actions were at the very least dilatory as to TNT, this counsels against allowing Plaintiff leave to file his amended complaint.

### C. Repeated Failure to Cure Deficiencies

Third, the Court must consider whether there were repeated failures to cure deficiencies by previous amendments. *See SGIC*, 839 F.3d at 428. This is the first amendment that Plaintiff has sought since the removal of the action to federal court. Because there have been no previous amendments or failures to cure, the Court finds that this factor weighs in favor of granting Plaintiff leave to amend his complaint.

### D. Undue Prejudice to the Opposing Party

Fourth, the Court must consider "undue prejudice to the opposing party." *SGIC*, 839 F.3d at 428. Neither Plaintiff nor Defendant Copestone addressed the issue of prejudice. As previously mentioned in this opinion, neither party has exchanged discovery, there is not yet a scheduling order, and the Court has not set a trial date. Therefore, the Court finds that, were Plaintiff allowed to amend his complaint, this would not cause undue prejudice to Defendant Copestone. Accordingly, this factor weighs in favor of granting Plaintiff leave to amend his complaint.

### E. Futility of the Amendment

Last, the Court must consider the futility of the amendment. *See EMC Corp.*, 393 F.3d at 595. Plaintiff claims that "the amendment will not be futile" and allowing Plaintiff to add the additional defendants "will let justice be served by allowing Plaintiff to pursue his claim against all parties that were involved with the forklift/telehandler and the wooden man-basket made the basis of this suit." Mot. 5—6, ECF No. 7. Defendant Copestone does not address this

factor in its response. The Court is of the opinion that allowing Plaintiff to pursue the action against all of the potential defendants would be in the interest of justice, so allowing Plaintiff to amend the complaint and add certain other defendants will not be futile. This factor weighs in favor of granting Plaintiff leave to amend his complaint.

F. Conclusion

While the Court does have concerns regarding TNT, the Court will grant leave to Plaintiff to file an amended complaint to add defendants, TNT Construction and Remodeling, LLC, Miguel Hernandez d/b/a HDZ Construction and Stone Professional Services.

II.     **Fraudulent or Improper Joinder**

In its Notice of Removal to the federal court, Defendant Copestone alleged a fraudulent or improper joinder of Defendant Martinez Bros. Contractors, LLC. *See* Notice 4–8, ECF No. 1.[5]

"The burden of proving a fraudulent or improper joinder is a heavy one." *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). To meet this burden, "[t]he removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Id.* "Stated conversely, there must be no possibility of a valid state cause of action being set forth against the in-state defendant before the court may hold that there has been a fraudulent joinder." *Id.* at 206. However, the Fifth Circuit

---

[5] Defendant Copestone also alleged a fraudulent or improper joinder with regard to Carter Globe/Goble Associates, LLC, but the Court will not be addressing this particular defendant because this defendant has not filed an answer or made an entry of appearance in the case since its removal to the federal court. There are also questions as to Carter Globe/Goble Associates, LLC's correct name and citizenship. The Court does not have enough information regarding this defendant to make an educated determination as to whether Plaintiff fraudulently or improperly joined Carter Globe/Goble Associates, LLC.

has "never held that a particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

To establish a claim for improper joinder, "the party seeking removal must demonstrate either (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McDonal v. Abbott Labs*, 408 F.3d 177, 184 (5th Cir. 2005). Courts may engage in a 12(b)(6)-like analysis to determine whether there was improper joinder, however the scope is different than a 12(b)(6) analysis. *See Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003). The district court may "'pierce the pleadings' and consider summary judgment-type evidence in the record but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Id.* at 648—49. "When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper . . . until the removing party does so, the court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits. It *must* remand to the state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (emphasis added).

Defendant Copestone contends that Plaintiff fraudulently or improperly joined Defendant Martinez Bros. because "Plaintiff cannot establish a cause of action against Martinez Bros." Notice 5, ECF No. 1. Plaintiff responded that "it is unknown who owned, built, and/or entrusted the forklift/telehandler wooden man basket made the subject of this suit." Mot. 7, ECF

No. 7. Further, because no written discovery had been exchanged, Plaintiff claimed he could not yet determine "the extent of Defendant Martinez Bros. involvement" in the case. *Id.* at 8.

Defendant Copestone is adamant that Plaintiff cannot proceed against Defendant Martinez Bros. in state court and that Defendant Martinez Bros. was "the landscaping subcontractor for the job site whose scope of work included the installation of an irrigation system, weed barriers and gravel, and planting shrubs and trees." Notice 6—7, ECF No. 1. Defendant Copestone goes on to say that Defendant Martinez Bros.'s scope of work "did not include framing columns, and therefore it did not have any control nor the right to exercise control over the details or supervise the manner in which Plaintiff performed his job. [Defendant] Martinez Bros. had nothing to do with Plaintiff's job, the manner in which he did it, nor what equipment he used." *Id.* at 7. And finally, Defendant Copestone states that "[Defendant] Martinez Bros. can *never* be held liable for the negligence and gross negligence that Plaintiff asserts against Martinez Bros. in his petition." *Id.* (emphasis added).

The Court now attempts to "pierce" the pleadings to determine whether or not a claim can be brought against Defendant Martinez Bros. in state court. In his original complaint, Plaintiff named Martinez Bros. Contractors, LLC as one of the original defendants. *See* Notice Ex. B-1, ECF No. 1. Plaintiff claimed that Defendant Martinez Bros. was a Texas company doing business in El Paso, Texas. *Id.* at 4. Plaintiff claims that on December 1, 2021, at the time of his alleged injury, he was at the Circle K job site which he claims was "managed, operated, and controlled by Defendants Copestone, Carter Globe, and/or Martinez Bros." *Id.* Plaintiff then states that he was "hired by Defendants Copestone, Carter Globe, and/or Martinez Bros to frame the corner columns of a newly built 'Circle K.'" *Id.* Plaintiff further stated that the

10

forklift/telehandler that he was using was "owned/controlled by Defendants Copestone, Carter Globe, and/or Martinez Bros." *Id.* Plaintiff alleged that "Defendants Copestone, Carter Globe, and/or Martinez Bros. were in control of safety on the job site and failed to implement safety controls" which would have prevented Plaintiff's injuries. *See id.* Plaintiff brought state claims of negligence, vicarious liability, and gross negligence against the Defendants. *See id.*

Defendant Copestone claims that Plaintiff does not "plead that the incident occurred because of some malfunction, flaw, or fault of the 'forklift/telehandler.'" Resp. 5, ECF No. 8. Defendant Copestone also claims that "[t]here are no allegations that Martinez Bros. failed to properly maintain the forklift, removed safety equipment, or even that the forklift itself was the proximate cause of the incident." *Id.* Defendant Copestone then posits that because Plaintiff did not plead those specific facts that Plaintiff "has not presented a reasonable basis to predict that he could recover against Martinez Bros. on the grounds of negligence or vicarious liability." *Id.* at 6. In his reply, Plaintiff states that in his Original and First Amended Complaint he alleged "several actions and/or omissions on behalf of Defendants, including Martinez Bros., which constitute negligence." Reply 3, ECF No. 9.

The Court agrees with Plaintiff and finds that Defendant Copestone has not met the exacting burden required by law to show that Plaintiff fraudulently or improperly joined Defendant Martinez Bros. While the Court is sympathetic to Defendant Copestone's claims that Defendant Martinez Bros. was subcontracted to do landscape work at the Circle K project, there has been no written discovery exchanged by the parties, and not enough evidence has been brought forth to demonstrate to the Court that *no* claim can be brought against Defendant Martinez Bros. in state court. Without more, the Court cannot agree with Defendant

11

Copestone that Plaintiff fraudulently or improperly joined Defendant Martinez Bros. in this action.

### III. Motion to Remand

The issue of remanding to the state court is related to the granting of leave to amend a complaint. If the district court "permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction." *Hensgens*, 833 F.2d at 1182. And "when a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper. [U]ntil the removing party does so, the court does not have the authority to do more . . . [i]t must remand to state court," *Smallwood*, 385 F.3d at 576.

Defendant Copestone removed this case to federal court based on diversity jurisdiction under the presumption that Plaintiff fraudulently or improperly joined Defendant Martinez Bros. The Court does not agree that Defendant Martinez Bros. was improperly joined and holds that Defendant Copestone did not meet its high burden to show that Defendant Martinez Bros. was improperly joined. Accordingly, the Court will remand back to the state court as the Court finds there was no improper or fraudulent joinder and cannot continue to maintain jurisdiction when there is a properly joined non-diverse defendant.

## CONCLUSION

Plaintiff Pedro Morales moves the Court to allow him to amend his original complaint to add prospective defendants TNT Construction & Remodeling, LLC, Miguel Hernandez d/b/a HDZ Construction, and Stone Enterprises, thereby remanding his case back to

state court. Defendant Copestone General Contractors argues that Plaintiff improperly or fraudulently joined Defendant Martinez Bros., and Plaintiff should not be permitted to amend his original complaint.

The Court finds that Plaintiff did not improperly or fraudulently join Defendant Martinez Bros. but does find that Plaintiff was dilatory or acted in bad faith when he moved to add prospective defendant TNT Construction & Remodeling, LLC. Despite its concerns regarding TNT Construction & Remodeling, LLC, the Court will grant Plaintiff's "Fed. R. Civ. P. 15 Motion for Leave to File First Amended Complaint and Motion to Remand", ECF No. 7, and thereby grant Plaintiff's Motion for Remand to the state court.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's "Fed. R. Civ. P. 15 Motion for Leave to File First Amended Complaint and Motion to Remand," ECF No. 7, is GRANTED.

**IT IS FURTHER ORDERED** that the above-referenced case be remanded to the 210th District Court in El Paso County, Texas, from whence it came.

SIGNED this __8th__ day of **February 2024**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE